UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERMINIA RAMOS and )
ARTEMIO RAMOS, )
                              )
          Plaintiffs,    )    CASE NO. 15CV673
                              )
Vs.                           )
                              )
SUMMIT DESIGN LLC and    )
GARRETT QUINN CLARY,     )
                              )
          Defendants.    )

**PRETRIAL REPORT OF PLAINTIFFS,
HERMINIA RAMOS AND ARTEMIO RAMOS**

**I.    Summary Statement of the Facts.**

On August 11, 2013, Artemio Ramos was driving his automobile from their home in Roscoe, Illinois, to do shopping in Belvidere, Illinois. Accompanying him was his wife, Herminia Ramos. As part of that journey, they were traveling southbound on Caledonia Road in Boone County, Illinois. The Defendant, Garrett Quinn Clary, as an agent of the Defendant, Summit Design LLC, was operating a Dodge Journey motor vehicle with the permission and consent of his father, President of Summit Design LLC. Shortly before the accident occurred, the Defendant, Clary, was driving that vehicle westbound on Dawson Lake Road.

Dawson Lake Road, at the intersection with Caledonia Road, is controlled by a stop sign for westbound traffic intending to enter or cross Caledonia Road. Caledonia Road is a thorough thorofare. The speed limit on Caledonia Road at the time was 55 miles per hour.

As the Ramos vehicle approached and began to enter the intersection of Caledonia Road and Dawson Lake Road, Garrett Quinn Clary pulled out into the lanes of travel of Caledonia

1

Road in order to cross Caledonia Road, and as he was doing so, his vehicle plowed into the side of the Ramos vehicle which was then traveling approximately 50 miles per hour. The Ramos vehicle spun around and ended up in the ditch on the east side of Caledonia Road.

Both Herminia and Artemio Ramos went to St. Anthony Hospital located in Rockford, Illinois, where they were examined and provided treatment.

### Damages and Injuries Sustained by Herminia Ramos

Herminia Ramos sustained injuries to her neck, back, left leg, left hip and psyche. Herminia was transported to the St. Anthony Hospital emergency department and examined. She followed up with treatment of her physical injuries by her family physician, an orthopedic surgeon, physical therapists and a rheumatologist. She was treated for her emotional injuries by a psychiatrist. The orthopedic surgeon found evidence of a torn ligament in her hip. The psychiatrist found evidence of depression and post-traumatic stress disorder.

Herminia's physicians wanted her to continue with treatment and to enter a pain management in-patient or out-patient clinic, but she could not afford to continue treatment

A Spanish speaking disability specialist was retained to assess her disabilities.

### Damages and Injuries Sustained by Artemio Ramos

Artemio Ramos sustained injuries to his brain, cervical and shoulder region, as well as injuries to his lower back. After being discharged from St. Anthony Hospital, he began seeing health care personnel at the Community Health Center in the Beloit/South Beloit area and also health care personnel associated with the Beloit Health System. He received physical therapy treatment in the Fall of 2013, and again in April and May of 2014. He has developed chronic headaches, neck pain which radiates into his shoulder area, and he has

2

also experienced chronic low back pain. He has maintained his employment because of financial necessities, however, the manual labor that he performs at his job aggravates the pain. He has been financially unable to seek treatment which has been recommended by the health care professionals that have examined him. He has incurred medical expenses in excess of $25,000.00, all of which remain unpaid.

**II. Statement of the Issues.**

A. At the time and place in question, was the Defendant, Garrett Quinn Clary, negligent in the operation of his automobile, and was such negligence a cause of the accident and resulting injuries of the Plaintiffs.

B. At the time in question, was the Plaintiff, Artemio Ramos, negligent in the operation of his automobile, and if there was such negligence, was it a cause of any injuries to the Plaintiff, Herminia Ramos.

C. What are the nature and the extent of the injuries to the Plaintiffs, Herminia Ramos and Artemio Ramos.

D. The amount of fair and reasonable compensation to be paid to the Plaintiff, Herminia Ramos, to compensate her for the injuries that she sustained as a proximate result of the negligence of Garrett Quinn Clary.

E. The amount of fair and reasonable compensation to be paid to the Plaintiff, Artemio Ramos, to compensate him for the injuries that he sustained as a proximate result of the negligence of Garrett Quinn Clary.

## III. Witnesses Expected to Testify.

A. Witnesses to be called by the Plaintiffs, Herminia Ramos and Artemio Ramos.

1. Garrett Quinn Clary, will be called as an adverse witness to testify regarding his actions and omissions at the time of the occurrence.

2. Herminia Ramos will be called as a witness to testify with respect to the occurrence, and the nature and extent of the injuries that she has sustained as a result of the accident and how those injuries have caused her to incur pain and suffering, the loss of enjoyment of life, emotional distress, the loss of earnings and capacity to earn, and fair and reasonable compensation that she incurred were reasonable and necessary expenses incurred for her care and treatment in the past and in the future.

3. Artemio Ramos will be called to testify regarding the occurrence and the nature and extent of his injuries and damages, including the pain and suffering that he has experienced, the care and treatment that he has received, the loss of the enjoyment of the everyday activities of life that he has experienced, the nature and extent of the injuries including limitations experienced by his wife as a result of her injuries and how her injuries have affected their relationship as husband and wife, has affected her relationship with her children, and has severely impacted her mental health.

4. Dr. Maria Maria Anleu, M.D, is a board certified psychiatrist. She treated Ms. Ramos for over one year. She will testify by video deposition regarding Herminia Ramos depression and post traumatic stress disorder caused by the accident.

4

5. Jon Pierre DeRoos, M.D., is a board certified orthopedic surgeon. He treated Ms. Ramos on multiple occasions for her physical injuries. He found a torn ligament in her hip, that was not amenable to surgery. He recommended a pain clinic and rheumatology referral.

6. Kurt Reintjes, M.D. Dr. Kurt Reintjes who has completed an independent examination and evaluation of Herminia Ramos and Artemio Ramos. Dr. Reintjes will testify regarding the nature and extent of the injuries sustained by each Plaintiff as a result of the occurrence which is the subject of this action. He will further testify regarding the permanency of the pain and suffering, and limitations of each Plaintiff in the future. He will testify that the expenses for health care as claimed by the Plaintiff were necessary for the treatment of the injuries that they each sustained, and the amounts of the charges for such services were reasonable.

Dr. Reintjes is a physician who has specialized in rehabilitative care and treatment.

**IV. Exhibits to be Offered at Trial by Plaintiffs.**

| EXHIBIT (S) OF<br><br>Plaintiff<br>ARTEMIO RAMOS<br>(Indicate plaintiff or defendant) |||| HERMINIA RAMOS and ARTEMIO RAMOS,<br><br>Case No. 15CV673<br><br>SUMMIT DESIGN LLC and GARRETT QUINN CLARY, ||
|---|---|---|---|---|---|
| **Date** | **Identification** || **Description** | **Offers, Objections, Rulings, Exceptions** ||
|  | **No.** | **Witness** |  |  ||
|  | 1 |  | Aerial photograph of the intersection of Caledonia Road and Dawson Lake Road (Exhibit 2 at Deposition of Defendant) |  ||
|  | 2 |  | Photographs of vehicle operated by Defendant, Garrett Clary (Clary Deposition Exhibit No. 5) |  ||
|  | 3 |  | Photograph of vehicle being operated by Artemio Ramos (Exhibit 7 of Deposition of Garrett Clary) |  ||
|  | 4 |  | Medical bill – Capron Rescue Squad District |  ||
|  | 5 |  | Medical bill – OSF St. Anthony Hospital – 8-11-13 |  ||
|  | 6 |  | Medical bill – Rockford Radiology Associates – 8-11-13 |  ||
|  | 7 |  | Medical bill – Illinois Pathological Services LLC – 8-11-13 |  ||
|  | 8 |  | Medical bill – Beloit Health System; balance for services rendered thru April 24, 2014 |  ||

6

|  | | | | |
|---|---|---|---|---|
|  | 9 |  | Medical bill – Beloit Health System; visit on September 16, 2014 |  |
|  | 10 |  | Patient visit invoices – Community Health System |  |
|  | 11 |  | Claim forms for services rendered - Beloit Clinic – 10-28-13 through 12-17-13 |  |
|  | 12 |  | Beloit Memorial Hospital – Charges for physical therapy care – 4-20-14 through 5-19-14 |  |
|  | 13 |  | Dematermal Map |  |
|  | 14 |  | Photograph of front portion of vehicle operated by Artemio Ramos |  |
|  | 15 |  | Photographs of the front of the Ramos vehicle |  |
|  | 16 |  | Photograph of Dawson Lake Road looking east from intersection of Dawson Lake Road and Caledonia Road |  |
|  | 17 |  | Photograph of intersection from a point on Dawson Lake Road east of the intersection |  |
|  | 18 |  | Photograph looking north northeast from Dawson Lake Road immediately east of stop sign for traffic on Dawson Lake Road |  |
|  | 19 |  | Photograph from Caledonia Road looking south toward the intersection of Caledonia Road and Dawson Lake Road |  |
|  | 20 |  | Photograph from Caledonia Road looking south toward the intersection of Caledonia Road and Dawson Lake Road |  |

| | | | | |
|---|---|---|---|---|
| | 21 | | Social Security: Actuarial Life Table - 2013 | |
| | 22 | | Notes for encounter date of March 18, 2014, Examiner, Theresa Kauffman | |
| | 23 | | Video Deposition of Maria Maria Anleu, M.D. on August 4, 2016 with transcript | |
| | 24 | | Exhibit 1 from Dr. Anleu deposition, consisting of her CV and medical records | |
| | 25 | | Video Deposition of Jan P. DeRoos, M.D. on August 8, 2016 with transcript | |
| | 26 | | Exhibit 1 from Jan P. DeRoos, M.D. Deposition consisting of his CV and medical records | |
| | 27 | | Exhibit 2 from Jan P. DeRoos, M.D. Deposition consisting of a diagram | |
| | 28 | | Exhibit 3 from Jan P. DeRoos, M.D. Deposition consisting of OSF Healthcare records | |
| | 29 | | Exhibit 4 from Jan P. DeRoos, M.D. Deposition consisting of Beloit Clinic records | |
| | 30 | | Video Deposition of Kurt Reintjes, M.D. on August 4, 2016 with transcript | |
| | 31 | | Kurt Reintjes, M.D. Exhibit 1 - CV | |
| | 32 | | Kurt Reintjes, M.D. Exhibit 2 – Report | |
| | 33 | | Kurt Reintjes, M.D. Exhibit 3 – Listing of Medical expenses with copies of medical bills | |

|  | 34 |  | Kurt Reintjes, M.D. Exhibit 4 |  |
|--|----|--|-------------------------------|--|
|  | 35-40 |  |  |  |
|  | 41 |  | Charges by Dr. Stephen Barron for IME in this case |  |
|  | 42 |  | Barron Medical Systems Wisconsin Calendar |  |
|  | 43 |  | Barron, Stephen M.D. IME Calendar 2016 for MedEx |  |
|  | 44 |  | Barron, Stephen M.D. 4-17-13 Deposition |  |
|  | 45 |  | Ramos, Herminia 6-8-16 Report by Dr. Golner |  |

V. **Depositions to be Used at Trial.**

A. Videotape of the evidence deposition taken of Maria Maria Anleu, M.D. on August 4, 2016, including all portions of the direct examination and redirect examination.

B. Videotape of the evidence deposition taken of Jon Pierre DeRoos, M.D. on August 8, 2016, including all portions of the direct examination and redirect examination.

C. Videotape of the evidence deposition taken of Kurt L. Reintjes, M.D. at the insistence of the Plaintiff, Herminia Ramos, on August 8, 2016, consisting of the direct and redirect examination of Dr. Reintjes by Attorney James Pitts (pgs. 1-48).

D. Videotape of the evidence deposition taken of Kurt L. Reintjes, M.D. at the insistence of the Plaintiff, Artemio Ramos, on August 8, 2016, consisting of the

9

direct and redirect examination of Dr. Reintjes by Attorney Thomas E. Greenwald, (pgs. 48-108).

## VII. Time Estimate.

Counsel for the Plaintiffs estimate that the time needed to try this case will be less than 3 full days. Counsel's estimate is that once the jury has been selected and sworn, the testimony of all witnesses will be concluded in approximately 1-1/2 to 2 days, and that closing arguments will last no longer than 3 hours. It is unknown the amount of time that would be taken by the jury in its deliberations.

## VIII. Proposed Questions that Counsel would like the Court to Ask on Voir Dire.

    Name
    Address
    Highest Level of Education
    Place of Employment
    Marital Status
    Spouse's Place of Employment

    Acquaintance with Parties
        Herminia Ramos, 14135 Surf Court, South Beloit, Illinois
        Artemio Ramos, 14135 Surf Court, South Beloit, Illinois
        Garrett Quinn Clary, W6744 Rogersville Road, Fond du Lac, Wisconsin
        Summit Design, LLC

    Acquaintance with Plaintiffs' Attorneys:
        Thomas E. Greenwald, Rockford, Illinois, and Lake Geneva, Wisconsin
        James A. Pitts, Racine, Wisconsin

    Acquaintance with Defense Counsel:
        Wendy Gunderson, Brookfield, Wisconsin
        Douglas Carroll, Brookfield, Wisconsin

    Acquaintance with Witnesses:
        <u>Plaintiffs' Experts:</u>
        Maria Anleu, M.D., Psychiatrist, 1905 E. Huebbe Parkway, Beloit, WI
        Jan P. DeRoos, M.D., Orthopedic Surgeon, 1905 E. Huebbe Parkway, Beloit, WI
        Kurt J. Reintjes, Occupational Medicine, 898 Rosefield Lane, Draper, UT

Defense Experts:
Stephen Barron, M.D., Suburban Orthopedics, 6490 Excelsior Blvd., Minneapolis, MN

Brad Grunert, Ph.D., Psychologist, Medical College of Wisconsin, 9200 W. Wisconsin Ave., Milwaukee, WI

Heard of Case:

Motor vehicle collision on August 11, 2013

Defendant, Clary, was operating a 2011 Dodge Journey, owned by his father, in his capacity as an agent of Summit Design, LLC, proceeding westbound on Dawson Lake Road, to the intersection of Caledonia Road in Boone County, Illinois, where he faced a stop sign.

Plaintiff, Artemio Ramos, was proceeding southbound on Caledonia Road, driving his 2011 Kia Forte, with Plaintiff, Herminia Ramos, in the right front passenger seat. Caledonia Road is a through highway with no stop sign or traffic control.

Defendant, Clary, pulled out without yielding the right of way and the vehicles collided.

Both Plaintiffs sustained injuries.

Artemio has physical injuries.

Herminia has physical and psychological injuries.

Prior Jury Service:

Major displeasure with any aspect of jury service.
Foreperson.
Civil or Criminal.
Dissenter.
Able to Understand Instructions.
Strong Feelings Against Instructions.
Number of Days of Trial.
Confusion regarding Burden of Proof.

Work on Board or Commission which had to resolve disputes?

Know of other member of this jury panel?

Work in insurance industry:

> Claims investigation.
> Underwriting.
> Sales.
> Administration.

Own stock in any insurance company?

Ever been a defendant or person against whom claim was made other than divorce?

> When.
> Type of Claim.
> Claim still pending.
> Attorneys involved.
> Litigation involved.
> Depositions.
> Trial.
> Strong feelings about litigation.

Ever been a witness in court proceedings?

Anyone not understand difference between civil burden of proof and criminal burden of proof? Describe the difference.

> Criminal: State versus the individual. Fines, penalties and incarceration.
> Civil: Private dispute. Money damages from defendant to plaintiff.

Anyone ever participated in efforts to influence legislation concerning tort reform?

Anyone ever call into radio talk show or write letter to editor regarding tort reform?

Does any juror have any strong feelings against laws permitting a person who was injured by the negligent conduct of another to sue for damages?

Does any juror have any specialized knowledge, training, or experience with orthopedic surgery?

Psychiatry or psychology?

Does any juror have any knowledge, training, or experience with any of these conditions?

12

Tort reform:

> Is anyone not able to distinguish between some personal injury lawsuits that seem frivolous and other personal injury lawsuits that are legitimate.
>
> Would you be willing to listen to the evidence in this case and if it is legitimate in your judgment, to hold the parties who are at fault accountable.

Does any juror have any special knowledge, training, experience, or employment as a health care provider?

> Medical doctor.
> Nurse.
> Psychologist.
> Mental health professional.

Does any juror know any doctors as close personal friends or relatives?

Does any juror or immediate family member of a juror or close friend work in the legal profession?

Is there any juror who has any special knowledge, training or experience that would be value in connection with the evaluation of injury claims?

Is there any juror who is unable to give this case full attention for approximately three days?

Does any juror simply not wish to serve in this case?

Does the juror [each juror] have any objections, philosophical, political or other, to awarding money as compensation for each of the following:

> Pain and suffering.
> Emotional distress.
> Loss of the ability to enjoy a normal life.

**IX. Proposed Instructions on Substantive Issues.**

A. Proposed instructions to be submitted by the Plaintiffs, Herminia Ramos and Artemio

Ramos: Instructions are attached as a separate document.

## X. Proposed Verdict Form.

Question No. 1:   At the time of the occurrence of August 11, 2013, was the Defendant, Garrett Quinn Clary, negligent with respect to the operation of his automobile?

Answer:   _____ Yes.

_____ No.

Question No. 2:   If you have answered Question No. 1 in the affirmative, then answer the following question: Was such negligence of the Defendant, Garrett Quinn Clary, a substantial factor in causing the collision of August 11, 2013, and the injuries sustained by the Plaintiffs, Herminia Ramos and Artemio Ramos.

Answer:   _____ Yes.

_____ No.

Question No. 3:   Regardless of how you have answered Questions No. 1 and 2, answer the following: What sum of money will fairly and reasonably compensate Herminia Ramos for the following elements of damages:

1. Past and future health care expenses;   Amount: $_____
2. Past and future pain and suffering;   Amount: $_____
3. Past and future emotional distress;   Amount: $_____
4. Past and future loss of earnings and earning capacity:   Amount: $_____
5. Past and future compensation for the loss of normal life:   Amount: $_____
6. Past and future loss of capacity to earn income:   Amount: $_____

14

Question No. 4: What sum of money will fairly and reasonably compensate Artemio Ramos for the following elements of damages:

1. Health care and treatment received in the past: Amount: $_____

2. Past and future pain and suffering: Amount: $_____

3. Past and future loss of normal life: Amount: $_____

4. Past and future emotional distress: Amount: $_____


Dated this 21st day of October, 2016.

Respectfully submitted,

JAMES A. PITTS, Attorney for:
HERMINIA RAMOS, Plaintiff

By: /s/ James A. Pitts


THOMAS E. GREENWALD, Attorney for:
ARTEMIO RAMOS, Plaintiff

By: /s/ Thomas E. Greenwald


Attorney James A. Pitts
Schoone, Leuck, Kelley, Pitts & Pitts SC
P.O. Box 086500
Racine, WI 53408-5600
Email: Japitts@pittslaw.com

Attorney Thomas E. Greenwald, State Bar #1013709
1095 Geneva National Ave. North
Lake Geneva, WI 53147
Tel: (262) 249-0500
Email: Tom@patrickgreenwald.net

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2016, I electronically filed the Pretrial Report of Plaintiffs, Herminia Ramos and Artemio Ramos, and Plaintiffs' Requested Jury Instructions (Substantive Instructions Only), by using the ECF System which will send notification of such filings to:

Attorney Wendy G. Gunderson
Abramson, Coghlan & Komsthoeft
P.O. Box 258829
Oklahoma City, OK 73125-8829
Email: Wendy.gunderson@farmersinsurance.com

Attorney Wendy G. Gunderson
Abramson, Coghlan & Komsthoeft
18000 W. Sarah Ln., #350
Brookfield, WI 53045

Attorney Stuart Wallace c/o Kopka, Pinkus, Dolin PC
100 Lexington Dr., Suite 100
Buffalo Grove, IL 60089
Email: Sawallace@kopkalaw.com

Attorney James A. Pitts
Schoone, Leuck, Kelley, Pitts & Pitts SC
P.O. Box 086500
Racine, WI 53408-5600
Email: Japitts@pittslaw.com

By: /s/ Thomas E. Greenwald

Attorney James A. Pitts
Schoone, Leuck, Kelley, Pitts & Pitts SC
P.O. Box 086500
Racine, WI 53408-5600
Email: Japitts@pittslaw.com

Attorney Thomas E. Greenwald, State Bar #1013709
1095 Geneva National Ave. North
Lake Geneva, WI 53147
Tel: (262) 249-0500
Email: Tom@patrickgreenwald.net